UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 0 2010

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Samgodson Essell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1587 |
| | ) | |
| Eric Holder *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the complaint accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Plaintiff is a citizen of Nigeria incarcerated at a Bureau of Prisons' contract facility in Philipsburg, Pennsylvania. He seeks a writ of mandamus to compel his immediate deportation to Nigeria based on a removal order issued on August 6, 2007. Because this claim is properly pursued by applying for a writ of *habeas corpus*, mandamus relief is not available. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]") (citation omitted); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie"). Moreover, only the Court having jurisdiction over plaintiff's immediate custodian, namely, the United States District Court for the Middle District of Pennsylvania, may entertain the habeas claim. *See Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate,

custodian is located.") (internal citations and quotation marks omitted). This case therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: September __1__, 2010